**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 7, 2012

LETTER TO COUNSEL

    RE:    *Leighton Wetzel v. Michael Astrue, Commissioner of Social Security Administration*; Civil No. SAG-11-1646

Dear Counsel:

    On December 30, 2009, the Plaintiff, Leighton Wetzel, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). I have considered the parties' cross-motions for summary judgment and I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Wetzel filed his claim on June 13, 2008, alleging disability commencing November 1, 2004 from degenerative joint disease and degenerative disc disease. (Tr. 89-95, 96-98, 131). At the hearing, Plaintiff amended his alleged onset date to October 19, 2007. (Tr. 16, 37). His applications were denied initially and again upon reconsideration. (Tr. 16, 54-60, 62-64, 71-74). Mr. Wetzel appeared with counsel and testified at an administrative hearing on December 30, 2009 before an Administrative Law Judge (ALJ). (Tr. 32-53). On July 28, 2010, the ALJ issued a written decision denying Mr. Wetzel's claim for benefits. (Tr. 16-27). On April 12, 2011, the Appeals Council denied Mr. Wetzel's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner. (Tr. 1-3).

    The ALJ found that Mr. Wetzel suffered from severe impairments including degenerative disc disease, degenerative joint disease, borderline intellectual functioning, obesity, substance abuse, and affective disorder. (Tr. 18). Nevertheless, the ALJ found that Mr. Wetzel retained the residual functional capacity ("RFC") to perform simple, unskilled light work with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 21). Applying the Medical-Vocational Guidelines ("the Grids"), the ALJ determined that Mr. Wetzel could not perform his past relevant work, but could perform other jobs that exist in significant numbers in the national economy. (Tr. 26-27).

    Mr. Wetzel claims that the ALJ erred in several ways. He argues that the ALJ failed to properly consider his obesity in connection with his other impairments, Pl.'s Mot. 3-8; that the ALJ erroneously assessed his RFC, Pl.'s Mot. 8-19; and that the ALJ improperly relied upon the

Case 1:11-cv-01646-SAG   Document 20   Filed 11/07/12   Page 2 of 5
*Leighton Wetzel v. Michael Astrue, Commissioner of Social Security Administration*
Civil No. SAG-11-1646
November 7, 2012
Page 2

Grids in determining that he was not disabled. Pl.'s Mot. 20-22. For the reasons that follow, all three arguments lack merit.

1. **The ALJ Properly Considered Mr. Wetzel's Obesity in Connection With His Other Impairments.**

Mr. Wetzel argues that the ALJ determined that his obesity was a severe impairment only at step two of the sequential evaluation process. Pl.'s Mot. 3-8. Mr. Wetzel submits that regulations require that the ALJ consider his obesity in all five steps of the process, in combination with his other impairments.

Contrary to Mr. Wetzel's assertions, the ALJ considered his obesity in conjunction with his other related impairments, specifically noting that "when evaluated in conjunction with the aforementioned impairment, [obesity] does not reflect an impairment, or combination of impairments imposing such functional limitations as to be medically equivalent in severity to any section of Appendix 1." (Tr. 19). Moreover, the record supports the ALJ's conclusion that Mr. Wetzel's obesity did not adversely affect his functioning. Mr. Wetzel worked for more than 30 years as a heavy equipment operator. He cares for his and his son's personal needs, exercises, reads, does laundry and other housework, shops, plays musical instruments, and visits with family and friends. (Tr. 19-24, 45-46, 144-51, 163-71). The medical reports also show that Mr. Wetzel has no limitation of movement due to weight, ambulates with a steady gait, is medically stable, has strong lower extremity strength, and has no motor or sensory deficits. (Tr. 192-94, 232-34, 286-89). Thus, the ALJ's consideration of Mr. Wetzel's obesity and cumulative impairments is supported by substantial evidence.

2. **The ALJ Properly Evaluated Mr. Wetzel's RFC and Afforded Appropriate Weight to the Medical Source Opinions in Determining That Mr. Wetzel Was Not Disabled.**

Mr. Wetzel contends that the ALJ erred in evaluating his RFC when he failed to perform a proper function-by-function assessment of his ability to perform the physical and mental requirements of work. Pl.'s Mot. 5-8. Mr. Wetzel further contends that the ALJ did not properly evaluate pertinent evidence, did not provide a sufficiently detailed assessment of his mental impairments, and did not properly evaluate several medical opinions. Pl.'s Mot. 8-19. After careful review of the ALJ's analysis, these contentions are without merit, as the ALJ cited substantial evidence to support his overall findings.

RFC is an assessment regarding what a claimant can do despite his or her physical or mental limitations. *See* SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c), 404.946(c). To determine a claimant's RFC, the ALJ will consider all of the claimant's impairments, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). The ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. *See* SSR 96-8. An RFC assessment is acceptable if it includes a "narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Social Sec.*, Civil No. SAG-10-1828, 2011 WL 6130605, at *4

*Leighton Wetzel v. Michael Astrue, Commissioner of Social Security Administration*
Civil No. SAG-11-1646
November 7, 2012
Page 3

(D. Md. Dec. 7, 2011); *see also Coles v. Astrue*, Civil No. JKS-08-321, 2009 WL 3380334, at *2 (D. Md. Oct. 16, 2009) ("Once all of the relevant evidence has been considered, then the ALJ may express the RFC in terms of the exertional levels of work") (citing SSR 96-8p at *3).

Contrary to Mr. Wetzel's assertions, the ALJ's RFC assessment includes a sufficient narrative discussion and analysis of specific evidence. The ALJ described the medical evidence and treatment records, considered and discussed Mr. Wetzel's alleged physical and mental impairments, and reviewed all of the objective findings from his treating sources. (Tr. 18-26). From the evidence, the ALJ concluded that Mr. Wetzel could perform simple, unskilled light work. As such, the ALJ's RFC assessment was sufficient. *See Thomas*, 2011 WL 6130605, at *4 (holding that an RFC assessment is sufficient if it includes a "narrative discussion of [the] claimant's symptoms and medical source opinions.").

Mr. Wetzel also argues that the ALJ's RFC determination failed to account for his alleged mental impairments. Pl.'s Mot. at 11. However, the ALJ did consider these limitations when imposing the restriction to simple and unskilled work. The ALJ found that while the objective medical evidence indicates that the Mr. Wetzel may have a mental impairment, the record did not reflect any indication of a severe deficit in memory affecting functioning. (Tr. 24). As the ALJ noted, Mr. Wetzel only alleged mental impairment after an examiner, engaged by his attorney, diagnosed him with borderline intellectual functioning and an affective disorder. (Tr. 24, 210-16). Originally, Mr. Wetzel did not allege any mental impairment, and denied any issue with concentrating, memory, or following instructions. (Tr. 128, 131, 168). Mr. Wetzel has neither sought nor received any mental health treatment, including counseling or medications. Additionally, as the ALJ noted, Mr. Wetzel has been able to function at his current intellectual level and care for and live independently with his adolescent son. (Tr. 21-26, 163-71). Therefore, the ALJ's RFC determination that Mr. Wetzel's mental impairments limited him to simple and unskilled work was sufficiently detailed and was supported by substantial evidence.

Mr. Wetzel's argument that the ALJ failed to adequately evaluate the opinions of Dr. Sullivan, Dr. Anderson, and Dr. Tam is similarly deficient. Medical opinions that are inconsistent with the record as a whole are afforded little weight. *See* 20 C.F.R. § 404.1527(b)(4). The ALJ found that all three physicians' opinions were not consistent with the record. (Tr. 25-26). Dr. Sullivan opined that Mr. Wetzel "often" had difficulties in maintaining concentration, persistence, or pace, and that Mr. Wetzel could only stand, sit, and walk for one hour each during an eight hour work day. (Tr. 277-78). Dr. Anderson opined that Mr. Wetzel has difficulty following work rules, relating to coworkers, and following simple instructions, and has no ability to understand and carry out complex and detailed instructions. (Tr. 215-16). Dr. Tam opined that Mr. Wetzel is incapable of even low stress jobs, can only stand for ten minutes at a time, must stand and walk for less than two hours and sit for about two hours in an eight hour working day. (Tr. 281-82). However, as the ALJ noted, Mr. Wetzel takes care of himself and his son, goes food shopping for two to three hours at a time, has never needed assistance ambulating, has no difficulty getting along with family, friends, and authority figures, he plays music with his friends twice a month, and he reported that he had no problem with concentration

Case 1:11-cv-01646-SAG   Document 20   Filed 11/07/12   Page 4 of 5

*Leighton Wetzel v. Michael Astrue, Commissioner of Social Security Administration*
Civil No. SAG-11-1646
November 7, 2012
Page 4

or following instructions. (Tr. 23-26, 44-47, 166-68). As such, the ALJ noted that the three medical opinions are inconsistent with the record, and properly assigned them little weight.

In addition, weight to be afforded to a doctor's opinion is commensurate with that doctor's familiarity with the patient. *See* 20 C.F.R. § 404.1527(c)(2)(i). As the ALJ noted, Dr. Sullivan, Dr. Anderson, and Dr. Tam each only saw Mr. Wetzel one time. (Tr. 25-26, 209, 274, 280). Therefore, their opinions are not entitled to any enhanced weight. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Moreover, as the ALJ noted, Dr. Sullivan and Dr. Tam filled out form reports. Such reports, in which the source's only obligation is to check a box or fill in a blank, are entitled to little weight in the adjudicative process. *See Hawkins v. Astrue*, Civil No. JKB-08-2736, 2010 WL 3895470, at *2, 6 (D. Md. Oct. 1, 2010); *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993); *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (8th Cir. 1993). The ALJ also gave less weight to Dr. Anderson's opinion because Mr. Wetzel underwent the examination through an attorney referral and not in an attempt to seek treatment for symptoms. (Tr. 25). As such, the ALJ appropriately afforded little weight to Dr. Sullivan, Dr. Anderson, and Dr. Tam's opinions, and properly determined Mr. Wetzel's RFC.

**3. The ALJ's Use of the Grids Without a Vocational Expert Was Proper in Determining Mr. Wetzel Was Not Disabled.**

Mr. Wetzel last argues that the ALJ improperly relied upon the Grids in determining that he was not disabled because he allegedly suffers from the nonexertional impairments of borderline intellect and chronic pain. Pl.'s Mot. 20-21. Typically, if a claimant has nonexertional impairments, the ALJ must use evidence other than the Grids to determine whether the claimant can perform alternative work available in the national economy. *See Roberts v. Schweiker*, 667 F.2d 1143, 1145 (4th Cir. 1981). However, "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the [Grids]." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). The proper inquiry, therefore, is "whether the nonexertional condition affects an individual's residual functioning capacity to perform work of which he is exertionally capable." *Id.*; *see Mackall v. Astrue*, No. 1:08-cv-3312-PWG, 2010 WL 3895345, at *1 (D. Md. Sept. 30, 2010) ("[N]onexertional limitations . . . preclude the use of the guidelines only when the limitations are significant enough to prevent a wide range of gainful employment at the designated level."). To this end, the ALJ considered Mr. Wetzel's alleged mental and physical impairments, which includes his alleged borderline intellect and chronic pain, and still concluded that Mr. Wetzel could perform almost all light work. (Tr. 21-27). Because, as explained above, the ALJ's conclusions are supported by substantial evidence, his use of the Grids was permissible.

The ALJ limited Mr. Wetzel's range of light work to simple, unskilled work, and only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 21). However, these limitations are not sufficient to remove Mr. Wetzel's case from the purview of the Grids. Occasional stooping and crouching "is required to do almost any kind of work." *See* SSR 85-15. Therefore, if a person can stoop and crouch "from very little up to one-third of the

Case 1:11-cv-01646-SAG   Document 20   Filed 11/07/12   Page 5 of 5

*Leighton Wetzel v. Michael Astrue, Commissioner of Social Security Administration*
Civil No. SAG-11-1646
November 7, 2012
Page 5

time . . . the sedentary and light occupational base is virtually intact." *See id.* Crawling and kneeling are "relatively rare activit[ies,]" and as such, limitations on crawling and kneeling are "of little significance in the broad world of work." *See id.* If a person has a limitation in climbing and balancing, "it would not ordinarily have a significant impact on the broad world of work." *Id.* In addition, there are 1,600 separate sedentary and light *unskilled* occupations, representing numerous jobs in the national economy. 20 C.F.R. 404, Appx. 2, Rule 202.00 (emphasis added). The light work category "generally provides sufficient occupational mobility even for severely impaired individuals who are not of advanced age and have sufficient educational competences for *unskilled* work." *Id.* (emphasis added). As such, the ALJ's limitations on Mr. Wetzel's ability to perform light work do not prevent a wide range of gainful employment at the designated level. The ALJ's use of the Grids was therefore proper.

For the reasons set forth herein, the Plaintiff's motion for summary judgment will be DENIED and Defendant's motion for summary judgment will be GRANTED. The Clerk is directed to close this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,


                                            /s/

                                          Stephanie A. Gallagher
                                          United States Magistrate Judge